| KIMBALL, Justice,
dissenting.
I disagree with the majority’s application of Supreme Court Rule XIX, § 11(E)(3) (the “deemed admitted rule”) under the facts of this case. I do not dispute that the deemed admitted rule serves a function in those cases where the attorney receives notice of the charges and nevertheless does not respond. However, applying the rule to cases where the attorney has not received actual notice of the charges leads to inequitable results.
That inequity is readily demonstrated under the facts of the instant case. Although the ODC made domiciliary service of a subpoena on respondent, its investigator learned at that time that respondent was not at her domicile and was in fact being hospitalized for treatment of severe depression. After receiving this information from its investigator, the ODC made no discernable effort to investigate respondent’s mental state, nor did it pursue the question of whether a transfer to disability inactive status might be appropriate. Instead, it simply proceeded to file formal charges against her.[1] When respondent did not file a timely answer, the ODC then deemed all the allegations in the formal charges as admitted, including the serious allegation that respondent engaged in the criminal act of forgery.
A review of the documentary evidence submitted by the ODC fails to support the sweeping factual allegations which have been deemed admitted. As one member of the disciplinary board observed, this record is in a “woeful state.” At best, the | yODC’s documentary evidence suggests that respondent failed to keep her client reasonably informed about the status of her legal matter; the evidence supporting the remaining charges is inconclusive and falls well short of satisfying the ODC’s clear and convincing burden of proof.[2] Based on this evidence, a short suspension of six months or less would be appropriate for respondent’s negligent misconduct.
For these reasons, I would not deem the facts admitted under the circumstances presented in this case. Accordingly, I respectfully dissent.

. The ODC was obviously aware of respondent's mental state, as it charged respondent with violating the Rules of Professional Conduct because she suffered from a physical or mental condition that impaired her representation of her client.

. For example, the record does not indicate the circumstances under which the settlement check was endorsed. There is also nothing in the record to indicate what happened to the settlement funds represented by the check, other than that Ms. Robinson's medical provider was promptly paid, in full, and that Ms. Robinson signed a full release of her claims against the insurer. By signing the release, we can only assume that Ms. Robinson approved the settlement and received her share of the settlement funds. This suggests that there was ultimately little or no harm to the client or any third party caused by respondent’s misconduct.